SCANNED at CIC and Emailed on
1-20-2021 by QC - 20 pages.
(date)  (initials)  (num)

FILED
01/20/2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### Pendleton Division

Kevin D. Daniels
   Plaintiff
   V.                    Claim No: 2:21-cv-50-JRS-MJD
Wendy Knight, Major
Fox, Lt. Coates
   Defendants

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

Now into Court comes Plaintiff, Kevin D. Daniels pro-se, and files this Complaint and request for Trial by Jury against the Defendants, and alleges as follow:

### I. NATURE OF THE ACTION

Kevin Daniels, brings this action in order to recover damages based upon:

a.) Deprivation of right protected under 42 U.S.C. § 1983, specifically violations of Mr. Kevin Daniels, rights guaranteed under the Eighth Amendment extended and guaranted to him through the Fourteenth Amendment, and supplemental State Tort Claims.

b.) Mr. Daniels seeks damages,

P. 1

declaratory judgment, costs and attorney fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants action.

II.   JURISDICTION AND VENUE

1.) This suit is brought and jurisdiction lies pursurant to 28 U.S.C. § 1331, 1332, 1342 and 2201 This suit is a legal action for damages pursuant to 42 U.S.C. § 1983 and supplemental state tort claims.

2.) This Court has jurisdiction over the supplemental state claims set out here in pursuant to 28 U.S.C. § 1367.

3.) All Defendants reside, maybe found, or transact business within the Southern District of Indiana.

4.) This court has personal jurisdiction over the Defendants who at all times relevant conducted business in Madison County, Indiana.

5.) Venue is appropriate in this Court because of the proximity of this Court to Madison County, Indiana.

III.   PARTIES

6.) Plaintiff, Kevin Daniels is a person of the full

age of majority and at all times relevant is incarcerated in the Correctional Industrial Facility "C.I.F." located at 5124 W. Reformatory Rd. Pendleton, Indiana 46064 and is a resident of Madison County Indiana.

7.) Defendant Wendy Knight is a person of the full age of majority and at all times relevant is resposible for matters occuring at C.I.F. in Madison County, Indiana.

8.) Defendant are employees of the Indiana Department of Correction a governmental entity and is tasked with operating the Correctional Industrial Facility "C.I.F." at Pendleton, Indiana.

9.) Defendant Wendy Knight ("Defendant Knight") is a person of full age of majority and at all times relevant is a Warden for or otherwise employed by IDOC ("C.I.F.") located in Pendleton, Indiana.

10.) Defendant Major Fox ("Defendant Fox") is a person of full age of majority and at all times relevant is a Major for or otherwise employed by IDOC ("C.I.F.") located in Pendleton, Indiana.

11.) Defendant Lt. Coates ("Defendant Coates") is a person of full age of majority and at all times relevant is a Lieutenant for or otherwise employed by IDOC ("C.I.F.") located in Pendleton, Indiana.

## IV.                    FACTS

12.) On or about Nov. 9, 2020 C.I.F. employee's ("Knight, Fox, Coates") had knowledge that two (2) Aramark Kitchen employees had to leave work early from their jobs at "C.I.F" due to COVID-19 virus symptoms.

13.) On Nov. 10, 2020, it was confirmed that these (2) two Aramark employees did test positive for COVID-19 virus.

14.) The Defendant ("Knight, Fox, Coates") or any other employee from "C.I.F." took No precaution measures quarantining any offenders that worked in the Kitchen with these (2) two Aramark employees.

15.) On or about Nov. 13, 2020 (3) offenders that had been indirect contact with the two (2) Aramark employees had COVID-19 symptoms, These offenders were from D-dorm 2/4 side.

16.) On Nov. 14, 2020, these (3) offenders were placed into quarantine for having COVID-19 virus.

17.) On Nov. 18, 2020, (Defendants "Knight, Fox, Coates") made the decision to have D-dorm 2/4 side deeply sanitized. This D-dorm had several confirmed COVID-19 virus cases.

P. 4

18.) Defendants ("Knight, Fox, Coates") didn't contact wexford of Indiana Medical department to have there employees to conduct medical vitals signs for COVID-19 virus symptoms from any of the (126) offenders living in D-dorm 2/4 side before moving them into the kitchen dining room.

19.) On Nov. 18, 2020, at 3:30 P.M. ("Coates and Sgt. Murry") made the announcement to D-drom 2/4 side (126) offenders to get dressed and go to the kitchen dining room "A side"

20.) Defendants ("Knight, Fox, Coates") authorized there employees to carry out this order to move (126) offenders into the kitchen dining room.

21.) Defendants ("Knight, Fox, Coates") was aware that this dining room's square feet measurement (1,400 sq. ft.) did not meet the C.D.C.'s guide line or requirement of keeping 6 ft. between each of the (126) offenders for social distancing.

22.) Defendants ("Knight, Fox, Coates") were aware that the C.D.C's guide lines or required policy rules for large gathering in a room were only 10 to 25 people. Not (126)

23.) On or about Nov. 18, 2020, one of the (126) offenders in the kitchen dining room became sick and officer Davison #157 had to take him to the medical department. This offender was

P. 5

quarantined and was later confirmed to have COVID-19 virus "See camera footage 4:30 P.M.

24.) On or about Nov. 18, 2020 at 9:15 p.m. the (125) offenders were taken back to D-dorm 2/4 side.

25.) Defendants ("Knight, Fox, Coates") and there employees confined (126) offenders in a small room not equip to whole this large amount of offenders for over (7 hours) spreading the COVID-19 virus to everyone in this room.

26.) On Nov. 19, 2020, Plaintiff Daniels became sick with COVID-19 virus symptons.

27.) On Nov. 20, 2020 Plaintiff Daniels spoke with Wexford of Indiana nurse about these symptoms. She stated to take ibuprofen and drink alot of water.

28.) As a result of the Defendants ("Knight, Fox, Coates") negligences the Plaintiff suffered from Fever, body pain, chest pain, worries of breathing problems, eye vision problems, losse of taste & smell, urinating isseus, muscle weakness, head- aches these medical problems.

29.) On or about Dec. 4, 2020, at 1:29 p.m. in D-dorm 2/4 side Mrs. Evans came around to each of the (126) offenders and took their medical vital signs, she did not sanitize any of the medical equipment used for taking these vitals on

P.6

each offender (126).

30.) Defendant ("Knight, Fox, Coates") and thier employees continue to spread the COVID-19 virus to all areas of the facility (C.I.F.)

## V       CAUSE OF ACTION

Cause of action I Through VII. Violations of 42 U.S.C. §1983 Mr. Daniels re-assert, realleges, and incorporates by reference the statements contained in paragraphs. (1) through (30) this complaint, as if those statements were fully articulated within this cause of action

31.) Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

32.) In order to prove a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the defendant deprived him of a right secured by the constitution or any law of the United States, and (2) the deprivation of that right resulted from the Defendant acting under color of law.

33.) Animate must meet a two part test to prove a constitutional deprivation of medically unsafe living conditions created by a COVID-19 virus (1) ~~~~ that his living conditions were unsafe

P. 7

from COVID-19 virus were objectively sufficiently serious and (2) that a government official was deliberately indifference to those needs

Cause of action I. Violations. Of 42 U.S.C. § 1983 As to Defendant Knight

34.) At all times relevant, Defendant Knight was responsible for managing the facility "C.I.F." and ensure the safety and care of the offenders in their care.

35.) The Defendant Knight as a official Warden over offenders is obligated to exercise reasonable care to preserve the life, health and safety of the offenders at "C.I.F."

36.) Mr. Daniels has been harmed by the Defendant Knight, and through its employees actions in the course and scope of their duties by failure to provide a safe environment to live in free from COVID-19 virus

37.) Defendant Knight, Warden of C.I.F. acting in her official capacity, violated, Mr. Daniels Eighth Amendment Rights to be free from cruel and unusual punishment by her deliberate indifference to Mr. Daniels needs, Specifically by her failure to promulgate, implement, and maintain sufficient policies, procedures and/or training to C.I.F. employees in how to prevent and control the spreading of the COVID-19 virus or otherwise maintian

P. 8

seperation of 6ft. between each individual, keep individual in small groups of (10 to 15) people, to execute the wearing of a mask to everyone, to quarantine infected individuals with symptoms of COVID-19 virus, and to sanitize a deep cleaning plan of the individuals living environment.

38.) Defendant Knight, Warden of "C.I.F." acting in her official capacity, violated Mr. Daniels Eighth Amendment Rights to be free from cruel and unusual punishment by her deliberate indifference to Mr. Daniels needs, specifically by her failure to promulgate, implement, and maintain policies, procedures designed by the National C.D.C. department to provide "C.I.F." reasonable ways to prevent the spreading of COVID-19 virus.

## Cause of Actions II
## Violations of 42 U.S.C. §1983 as to Defendant Fox

39.) Defendant Fox acting in his official and personal capacities violated Mr. Daniels, Eighth Amendment Right to be free from cruel and unusual punishment by his deliberate indifference to Mr. Daniels needs specifically by his failure to promulgate, implement, and maintain sufficient policies procedures and/or training to "C.I.F." employees in how to prevent and control the spreading of COVID-19 virus.

40.) At all times selevant, Defendant Fox was responsible for managing the facility "C.I.F." and

P. 9

ensure the safety and care of the offenders in their care.

41.) Defendant Fox as a official Major over offenders is obligated to exercise reasonable care to preserve the life, health, and safety of the offenders at "C.I.F."

42.) Mr. Daniels has been harmed by the Defendant Fox, and through its employees action in the course and scope of their duties, by failure to provide a safe environment to live in free from COVID-19 virus.

### Cause of Action III
### Violations of 42 U.C.S. §1983 as to Defendant Coates.

43.) At all time relevant, Defendant Coates was responsible for managing the facility "C.I.F." and ensure the safety and care of the offenders in their care.

44.) Defendant Coats as a official lieutenant over offenders is obligated to exercise reasonable care to preserve the life, health, and safy of the offenders at "C.I.F"

45.) Mr. Daniels has been harmed by the Defendant Coates and through its employees actions in the course and scope of their duties, by failure to provide a safe environment to live in free from COVID-19 virus.

46.) Defendant Coates acting in his official and personal capacities violated Mr. Daniels Eighth Amendment Right to be free from cruel and unusual punishment by his deliberate indifference to Mr. Daniels needs specifically by his failure to promulgate, implement and maintain sufficient policies, procedures and/or training to "C.I.F." employees in how to prevent and control the spreading of COVID-19 virus

## Cause of Action IV
### Negligence on Behalf of Defendant Knight.

Mr. Daniels re-asserts, re-alleges, and incorporates by reference the statement contained in paragraphs 1.) through (46) this complaint, as if those statements were fully articulated within this cause of action.

47.) Defendant Knight, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement and maintain sufficient policies, procedures and/or training to "C.I.F." employees in how to prevent and control the spreading of COVID-19 virus or otherwise maintain seperation of 6 ft. between each individual, keep individual in small groups of (10 to 15) people to execute the wearing of a mask to everyone to test all individuals for COVID-19 virus symptoms before moving them into small groups, and to deeply sanitize all individuals living environment daily.

P. 11

48.) Defendant Knight, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, and maintain sufficient procedures and/or training to employees in how to move individuals in small groups to deeply sanitize a living environment in a timely fashion, and particularly Mr. Daniels, was detained in a un-safe area from COVID-19 virus for 7 hours.

49.) Defendant Knight, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, and maintain sufficient policies, procedures from the National C.D.C. department.

## Cause of Action V
## Negligence on Behalf of Defendant Coates

50.) Defendant Coates, by and through its employees in their official capacities was negligent in its failure to promulgate, implement and maintain sufficient policies, procedures and/or training to "C.I.F." employees in how to prevent and control the spreading of COVID-19 virus.

51.) Defendant Coates, by and through its employees acting in their official capacities was negligent in its failure to promulgate policies, procedures and/or training to employees in how to move individual in small groups to deeply sanitize a living environment in a timely fashion, and particulary Mr. Daniels, was detained in a un-safe environment from COVID-19 virus for 7 hours.

52.) Defendant Coates, by and through its employees acting in their official capacities was negligent in its failures to promulgate, implement, and maintain sufficient policies procedures from the National C.D.C. department.

### Cause of Action VI
### Negligence on Behalf of Defendant Fox

53.) Defendant Fox, by and through its employees acting in their official capacities was negligent in its failure to promulgate, sufficient policies, procedures and/or training to employees in how to prevent and control the spreading of COVID-19 virus.

54.) Defendant Fox, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, and maintain sufficient policies, procedures and/or training to employees in how to move individuals in small groups to deeply sanitize a living environment in a timely fashion and particulary Mr. Daniels, was detained in a un-safe environment from COVID-19 virus for 7 hours.

55.) Defendant Fox, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, and maintain sufficient policies procedures from the National C.D.C. department.

56.) Defendant Knight, Fox, Coates, by and through its employees acting in their official capacities was negligent by being deficient in its staffing, its equipment, or its procedures such that Mr. Daniels was effectively denied adequate measures of living in a safe environment from COVID-19 virus and getting sick.

## Cause of Action VII
### Declaratory Relief

Mr. Daniels re-asserts, re-alleges and incorporates by reference the statements contained in paragraphs (1) through (56) of this complaint, as if those statements were fully articulated within this cause of action.

57.) A court may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

58.) Mr. Daniels seeks the Court to declare that he has been harmed by the Defendants and through its employees by their failure virus to provide a safe facility and adequate measures of living in a safe environment from COVID-19 virus.

59.) Mr. Daniels seeks the Court to declare that Defendant and through its employees violated his Eighth Amendment Rights to be free from cruel and unusual punishment by their deliberate indifference to his need which resulted in his injuries specifically by their failure or refusal to promulgate implement

maintain and/or follow policies and procedures in how to prevent and control the spreading of COVID-19 virus.

60.) Mr. Daniels seeks the Court to declare that Defendant and through its employees violated his Eighth Amendment Rights to be free from cruel and unusual punishment by their deliberate indefference to his needs specifically by being grossly deficient in its staffing, it's equipment, or its procedures such that Mr. Daniels was effectively denied protection or prevention measure from COVID-19 virus as to adequate medical care.

61.) Mr. Daniels seeks the Court to declare that Defendants, and through its employees, violated his Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or follow policies, procedures designed by the National C.D.C. department to provide a safe living environment from COVID-19 virus

62.) Mr. Daniels seeks the court to declare that Defendants, and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, and maintain sufficient procedures and/or training of C.I.F. employees in how to prevent and control the spreading of COVID-19 virus.

VI.        General Causation and Damages

63.) As a direct and proximate result of the foregoing Causes of Action, Mr. Daniels has suffered and continues to suffer irreparable injuries relating to losses income, property and wealth and injury to physical and emotional health and general.

64.) As a direct and proximate result of the foregoing courts. Mr. Daniels has suffered damages as stated herein and in an amount to be proven at trial, plus and appropriate amount for his emotional pain and suffering, and puntive damages to be determined.

## VII   PRAYER FOR RELIEF

Wherefore, Plaintiff, Kevin, Daniels prays this Court grant relief against the named Defendants under his claims as asserted above in the following manner including but not limited to:

A.) An award of full, fair, and adequate compensation for all injuries damages and losses sustained and for costs have in laid out and expended,

B.) An award of puntive damages in an amount sufficient to deter Defendant from the conduct complained of herein

C.) Declaratory relief as sought herein,

D.) Pre and Post Judgement interest, and

E.) For all other necessary and proper relief in the premises.

## VIII    DEMAND FOR JURY

Comes now Plaintiff, Kevin Daniels, respectfully request trial by jury as to all claims asserted herein.

Mr. Kevin D. Daniels
Respectfully Submitted

See exhibit A: Nov. 18, 2020, at 3:30 P.M.
  of D-dorm 2/4 side

See exhibit B: Nov. 18, 2020, at 5:00 P.M
  Kitchen Dining room

See exhibit C: Dec. 4, 2020, at 1:29 P.M.
  of D-dorm 2/4 side

All exhibit Above are camera footage.

P. 17