UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN D. DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00183-TWP-TAB |
| | ) | |
| WENDY KNIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Kevin Daniels, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Daniels sues Warden Wendy Knight, Major Fox, and Lieutenant Coates. Mr. Daniels alleges that the defendants failed to take precautionary measures when two kitchen employees tested positive for COVID-19. He also alleges that the defendants gathered a large group of prisoners in the dining room in violation of CDC guidelines against large gatherings. As a result, Mr. Daniels alleges that he suffered from COVID-19 symptoms. He alleges Eighth Amendment and state law negligence claims and seeks declaratory relief and damages. Mr. Daniels's claims **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 26, 2021,** in which to identify those claims.

## III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 1/29/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN D. DANIELS
890476
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to the Following IDOC Employees at Pendleton Correctional Facility

Wendy Knight
Major Fox
Lieutenant Coates