UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN D. DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00183-TWP-TAB |
| | ) |
| WENDY KNIGHT, FOX, Major, and COATES, Lt., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION**

This matter is before the Court on the Defendants Wendy Knight's, Major Fox's and Lt. Coates' (collectively the "Defendants") Motion for Summary Judgment on Exhaustion. (Dkt. 16.) Plaintiff Kevin D. Daniels ("Mr. Daniels") brings this action alleging Eighth Amendment and state law negligence claims. The Defendants argue the action should be dismissed because Mr. Daniels did not exhaust his administrative remedies. Because there are disputed material facts, the Motion for Summary Judgment is **denied**. The Defendants have **through Friday, October 29, 2021**, to file a notice withdrawing the exhaustion defense, or to request a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

**I.   SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II.     BACKGROUND

In his Complaint, Mr. Daniels alleges that the Defendants failed to take proper precautionary measures to prevent the spread of COVID-19 at the Correctional Industrial Facility ("CIF"), where Mr. Daniels is incarcerated. (Dkt. 1.) As a result, Mr. Daniels suffered from COVID-19 symptoms. *Id.* The Court permitted Eighth Amendment and state law negligence claims to proceed in its Screening Order. (Dkt. 7 at 2.)

The Indiana Department of Correction has an Offender Grievance Process ("Grievance Process") that provides offenders with an opportunity to attempt to resolve grievances before filing suit in federal court. (Dkt. 16-1 at ¶ 7; Dkt. 16-2.)

The Grievance Process consists of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the Department's Grievance Manager. (Dkt. 16-1 at ¶ 11; Dkt. 16-2 at 3.) Exhaustion of administrative remedies requires offenders to timely complete each step of the Grievance Process. (Dkt 16-1 at ¶ 12.)

Robert Stafford ("Mr. Stafford") is the Grievance Specialist at CIF. *Id.* at ¶ 2. He oversees the Grievance Process and is also the custodian of the grievance records at CIF. *Id.* at ¶ 5. Mr. Stafford has reviewed Mr. Daniels' relevant grievance records to determine whether he complied with the Grievance Process. *Id.* at ¶ 30. Based on Mr. Stafford's review of Mr. Daniels' grievance records, Mr. Daniels filed a grievance about the allegations in his Complaint on November 23, 2020. *Id.* at ¶ 30; Dkt. 16-4 at 6. The grievance was logged as Grievance No. 120231. (Dkt. 16-1 at ¶ 30.) An Assistant Grievance Specialist responded the same day. *Id.* at ¶

31; Dkt. 16-4 at 5.  Mr. Daniels appealed the grievance to the CIF Warden on November 26, 2020. (Dkt. 16-4 at 1−2.)  Warden Knight responded to the appeal on December 4, 2020, informing Mr. Daniels that no further relief could be afforded.  *Id.* at 1.  Mr. Stafford did not find any record that Mr. Daniels appealed the grievance to the Department Grievance Manager, thereby, not completing the final step of the Grievance Process.  (Dkt. 16-1 at ¶¶ 35−36.)

Mr. Daniels disputes that he failed to complete the final step.  (Dkt. 19.)  He alleges that he signed and dated the grievance appeal form on December 7, 2020, and returned the grievance form to the Grievance Specialist on December 8, 2020.  *Id.* at 1. He alleges that the Grievance Specialist failed to record the grievance appeal form. *Id.* In support, he includes as an exhibit a copy of the grievance appeal form which includes a checkmark next to "Disagree with facility appeal response. Send appeal to Department Offender Grievance Manager", Mr. Daniels' signature, and the date "12-7-20."  (Dkt. 19-1.)

The Defendants dispute the veracity of Mr. Daniels' exhibit.  First, they reiterate that there is no record that he submitted the appeal form to the Grievance Specialist.  (Dkt. 20 at 1.)  Second, they point out that Mr. Daniels' form has a grievance log number written in the space in the top right corner, (*see* Dkt. 19-1), even though that space in their exhibit C is blank. *Id.* at 1−2; *see also* Dkt. 16-4 at 1. Because the number is written in a bolded pen that looks similar to the pen used to write the words "Exhibit A" in the top left corner of Mr. Daniels' exhibit, the Defendants suggest that Mr. Daniels added the grievance log number himself.  *Id.* at 1−2.

### III.  DISCUSSION

The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).  The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. In other words, "[t]o exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).  Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

There is a clear dispute of material fact with respect to whether the Grievance Process was available to Mr. Daniels.  He alleges that he submitted the grievance appeal form but it was never recorded.  The Defendants allege that Mr. Daniels doctored his appeal form to look as if he attempted to complete the final step.  The Court cannot determine the veracity of Mr. Daniels' exhibit without an evidentiary hearing. Accordingly, the Defendants' Motion for Summary Judgment is **denied**.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment on Exhaustion, Dkt. [16], is **DENIED**. The Defendants have **through Friday, October 29, 2021**, to file a notice

4

withdrawing the exhaustion defense, or to request a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

**SO ORDERED.**

Date: 9/24/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin D. Daniels, #890476
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

Alexander Robert Carlisle
OFFICE OF THE INDIANA ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Adrienne Nicole Pope
OFFICE OF THE INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov